UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE KISSNER,

      Plaintiff,

v.

HEIDI E. WASHINGTON, *et al.*,

      Defendants.

Case No. 22-11607
Honorable Laurie J. Michelson

---

## ORDER GRANTING MOTION TO CORRECT [8], DIRECTING CLERK TO REINSTATE TERMINATED DEFENDANTS, DISMISSING DEFENDANT KUNIK, AND TRANSFERRING CASE TO ANOTHER FORUM

Michigan prisoner Donald Lee Kissner ("Plaintiff"), currently incarcerated at the Michigan Reformatory ("RMI") in Ionia, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.

In his complaint, Kissner alleges that in August 2020, he reported to his parole agent and turned himself in on criminal charges. (*See* ECF No. 1, PageID.8.) Kissner was then held at the Shiawassee County Jail. (*Id.*) The next day, Kissner signed paperwork relating to a parole violation. (*Id.*) At that point, says Kissner, he should have been moved from the custody of the Shiawassee County Jail to the custody of the Michigan Department of Corrections and a fact-finding hearing should have been scheduled on the parole violation. (*Id.*) Later, Jessica Kunik, one of the defendants in this case, was assigned as Kissner's new parole agent. (*Id.*) Kissner sent letters to Kunik but received no response. (*Id.*) In March 2021, Kunik visited Kissner at the Shiawassee County Jail to have him sign papers related to

additional charges. (*Id.*) Kissner asked Kunik why he still had not been returned to the custody of the MDOC and why he still had not had a hearing on the earlier parole violations. (*Id.*) According to Kissner, "[Kunik] stated that I would sit in jail until my new criminal charges were over with and a hearing was not needed at that time." (*Id.*) In October 2021, Kissner was transferred to the custody of the MDOC; between October 5 and December 15, 2021, Kissner received no response from Kunik. (*Id.* at PageID.9.) In April 2022, Kissner grieved Kunik. (*Id.*)

In addition to Kunik, Kissner's complaint names MDOC Director Heidi Washington, Michigan Parole Board Chair Brian Shipman, Michigan Parole Board Acting Administrator Greg Straub, and RMI Records Office Supervisor D. Casillas.

About six weeks after filing his complaint, on August 29, 2022, Kissner filed a document titled "amended" complaint. (ECF No. 6.) In that document, Kissner alleges that several RMI employees harassed and retaliated against him for filing this lawsuit. (ECF No. 6, PageID.73–79.)

## I.

Recently, Kissner has filed a "motion for correction of record." (ECF No. 8, PageID.136.) Apparently because Kissner had titled the document he filed on August 29 as an "amended" complaint, the Clerk's Office applied the usual rule that an amended complaint supersedes the original, and thus terminated defendants who Kissner had not included in the August 29 document. In his motion to correct the record, Kissner explains, "I at no time meant to terminat[e] any defendants from this action when I amended to add additional defendants." (ECF No. 8,

2

PageID.138.) Given Kissner's explanation, and because many (if not all) of the events described in the August 29 filing occurred after the original complaint was filed, the Court will treat the August 29 filing (ECF No. 6) as a supplement to the original complaint as opposed to an amended complaint. *See* Fed. R. Civ. P. 15(a)(1)(A), (d). The Court will direct the Clerk's Office to reinstate the defendants named in the initial complaint.

## II.

Kissner is proceeding in forma pauperis, and, under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss an in forma pauperis complaint before service on a defendant if it determines that the complaint fails to state a claim upon which relief can be granted. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Kissner has failed to allege facts showing that Kunik was personally involved in the alleged unconstitutional conduct. To state a claim under § 1983, a plaintiff "must allege that each defendant, through that defendant's own actions, subjected him (or caused him to be subjected) to the constitutional deprivation." *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 512 (6th Cir. 2020) (internal quotation marks and alterations omitted); *accord Grinnell v. City of Taylor, Michigan*, No. 21-2748, 2022 WL 1562291, at *4 (6th Cir. May 18, 2022). The supplement to the complaint does not name Kunik. (*See* ECF No. 6, PageID.66–68.) As for the original complaint, it appears that Kissner primarily asserts that he was not given hearings and other procedural rights related to his parole violation (ECF No. 1, PageID.10–

11, 15), that he was not returned to the custody of the MDOC (*id*. at PageID.15), that the procedural rights associated with appealing a parole revocation are constitutionally deficient (*id*. at PageID.12–13), and that he should have received 387 days of sentence credit for the time he spent at the Shiawassee County Jail, (*id*. at PageID.13). Given those alleged wrongs, it is entirely unclear how Kunik—a parole agent—is responsible for them. True, Kissner alleges that Kunik failed to timely or properly respond to his inquiries or complaints, and it was Kunik who allegedly told Kissner that a hearing was not needed. (*See* ECF No. 1, PageID.8–10.) But a parole agent is not defense counsel. And the Court fails to see how Kunik's unresponsiveness or explanation deprived Kissner of a fact-finding hearing (for instance) or otherwise violated Kissner's rights under federal law. Kissner has thus failed to plead a viable claim against Kunik.

## III.

The dismissal of Kunik from this case changes the calculus as to where this case should be litigated. All of the remaining defendants reside in Ingham County or Ionia County, which are in the Western District of Michigan. *See* 28 U.S.C. § 102(b). Kissner resides at RMI, which is in Ionia County. And many of the alleged acts giving rise to the claims in the supplemental complaint occurred in Ionia County. So the Court finds that the United States District Court for the Western District of Michigan is the proper venue or, at least, is more convenient for the parties and witnesses. Accordingly, this case should be transferred there. *See* 28 U.S.C. §§ 1391(b), 1406(a), 1404(a); *Carver v. Knox Cnty., Tenn.*, 887 F.2d 1287,

1291 (6th Cir. 1989) (noting that "a district court may transfer a case sua sponte"); *Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 738 (6th Cir. 2003) ("Congress has enacted a number of statutes that give federal courts the power to transfer cases sua sponte.").

* * *

For the reasons given, Kissner's motion to correct the record (ECF No. 8) is GRANTED, the original complaint (ECF No. 1) and August 29 filing (ECF No. 6) are collectively the operative complaint, and the Clerk's Office is ORDERED to reinstate the defendants named in the original complaint; pursuant to the Court's responsibility to screen Kissner's complaint, the claims against Jessica Kunik are DISMISSED WITHOUT PREJUDICE; and for the convenience of the parties and witnesses, this case is transferred to the United States District Court for the Western District of Michigan.

SO ORDERED.

Dated: October 21, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE